IN THE SUPREME COURT OF THE STATE OF DELAWARE

LEROY SHELLEY, § 
§ No. 471, 2017
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ ID. No. 9804001318 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: April 13, 2018
Decided: June 26, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 26th day of June 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)	The appellant, Leroy Shelley, filed this appeal from the Superior Court's denial of his motion to vacate his sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Shelley's opening brief that his appeal is without merit. We agree and affirm.

(2)	In November 2007, a Superior Court jury found Shelley guilty of two counts of Robbery in the First Degree, two counts of Kidnapping in the Second Degree, two counts of Possession of a Firearm During the Commission of a Felony

("PFDCF"), and one count of Conspiracy in the Second Degree for crimes that occurred in 1997. Shelley was originally indicted in 1998 while imprisoned in Pennsylvania for different crimes and then reindicted in 2007. Shelley was sentenced as follows: (i) for each Robbery in the First Degree conviction, four years of Level V incarceration; (ii) for each PFDCF conviction, three years of Level V incarceration; (iii) for each count of Kidnapping in the Second Degree, five years of Level V incarceration, suspended after two years for eighteen months of Level III probation; and (iv) for Conspiracy in the Second Degree, six months of Level V incarceration. He did not file a direct appeal.

(3) On September 19, 2017, Shelley filed a letter requesting that the Superior Court vacate his sentence and re-sentence him. Shelley argued that this was necessary because the 2008 sentencing order referred to portions of his sentence as mandatory, even though he committed the crimes in 1997 before the sentences were made mandatory by the General Assembly in 2001. The sentencing order stated that the first two years of each four-year Level V sentence for Robbery in the First Degree was mandatory under 11 *Del. C.* § 4205(b) and that the three-year Level V sentence for each PFDCF conviction was mandatory under 11 *Del. C.* § 1447A(b).

(4) The Superior Court denied the request, holding that a mandatory sentence cannot be reduced, Robbery in the First Degree has had a two-year

minimum mandatory since 1989, and PFDCF has had three-year minimum mandatory since 1994. This appeal followed.

(5) In his opening brief, Shelley argues that: (i) the Superior Court erred in construing his letter as a motion for reduction of sentence; (ii) the General Assembly did not make gun sentences mandatory until 2001; and (iii) he is entitled to good time. Even if Shelley's letter is construed as a motion to correct an illegal sentence under Superior Court Criminal Rule 35(a) instead of a motion for reduction of sentence under Superior Court Criminal Rule 35(b), the Superior Court did not err in denying the motion. A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[1] Shelley has not shown that his sentence is illegal.

(6) At the time of his crimes in 1997, Robbery in the First Degree was a Class B felony.[2] Section 4205(b)(2) provided that the sentence for a Class B felony was two to twenty years of Level V incarceration.[3] Section 1447A(b) provided that a person convicted of PFDCF under 11 *Del. C.* 1447A(a) was subject to a minimum

---

[1] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[2] 11 *Del. C.* § 832(a) (1997).
[3] 11 *Del. C.* § 4205(b)(2) (1997).

sentence of three years of Level V incarceration.[4]  In light of these provisions, the sentencing order was not illegal for stating that: (i) "[t]he first 2 years of this [four-year Robbery in the First Degree] sentence is a mandatory term of incarceration pursuant to DE114205 (b) (2);" and (ii) "[t]he first 3 years of this [three-year PFDCF] sentence is a mandatory term of incarceration pursuant to DE11147A(b)."[5]

(7)    As to Shelley's contention that he is entitled to good time, he did not raise this claim in the Superior Court.  We will not consider it for the first time on appeal.[6]  We affirm the Superior Court's denial of Shelley's motion.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/  James T. Vaughn, Jr.
Justice

---

[4]  11 *Del. C.* § 1447A(b) (1997).
[5]  Motion to Affirm, Exhibit B.
[6]  Supr. Ct. R. 8.  We note that a Rule 35(a) motion is not the proper procedural vehicle to challenge the Department of Correction's calculation or application of good time.  *Walls v. State*, 2010 WL 5393996, at *1 (Del. Dec. 28, 2010).  In the motion to affirm, the State argues that Shelley's status offender sheet reflects he is receiving good time credit for all of his sentences.